Argued May 5, affirmed May 31, 1961

# ADMIRE *v.* GLADDEN
### 362 P. 2d 380

*Thomas W. Hansen*, Salem, argued the cause and filed a brief for appellant.

*Harold W. Adams*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Robert G. Danielson, Assistant Attorney General.

Before MCALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

PERRY, J.

The plaintiff appeals from a judgment of the circuit court denying his prayer for relief under the Post-Conviction Hearing Act.

The facts in the record disclose the plaintiff was arrested in Redmond, Oregon, on February 15, 1956, on a charge of operating a motor vehicle while under the influence of intoxicating liquor. On the 16th, a sergeant of the state police contacted the plaintiff at the city jail and advised him that he was investigating him on a charge of statutory rape. The plaintiff, in the presence of the state police officer and the chief of the city police, related his associations with this minor. His statement, which was a confession of guilt, was reduced to writing and signed by him in the presence of the officers. A warrant for the arrest of the plaintiff was issued on this same date and on the 17th of February he was brought before a magistrate where the record discloses he was advised of the nature of the charge against him. He declined the appointment of counsel and waived preliminary hearing. Bail was set and, on failure to give bail, he was remanded

to the custody of the sheriff of Jefferson county. On the 21st day of February, the plaintiff was brought before the circuit court for Jefferson county and the record states:

"The Defendant, WILLIAM C. ADMIRE has stated in open Court that it is his desire and wish to waive indictment by the Grand Jury of Jefferson County, Oregon, and that it is his desire an Information be filed herein charging him with the crime of STATUTORY RAPE."

On the same date an Information charging the defendant with the crime of statutory rape was filed. The defendant thereupon entered his plea of guilty. The journal entry of this proceeding recites the following:

"The Defendant, WILLIAM C. ADMIRE, having been advised by the Court concerning all his rights herein announced in Court that he did not desire the services of an attorney but was ready for an arraignment upon an Information filed by the District Attorney of Jefferson County for the crime of Statutory Rape. Thereupon, the Court asked the Defendant if his true name was WILLIAM C. ADMIRE and the Defendant answered that that was his true name. Thereupon the Information was duly read to the Defendant by the District Attorney. The Court explained to the Defendant that he is entitled to delay before he is required to plead to said charge and the Defendant requested that he be permitted to plead to said charge forthwith. The Defendant entered a plea of 'GUILTY' to the crime charged in the Information which plea is here and now entered on record. The Court then ordered the person of WILLIAM C. ADMIRE be returned to the custody of S. E. SUMMERFIELD, Sheriff of Jefferson County, Oregon and that WILLIAM C. ADMIRE shall be delivered to the Oregon State Hospital at Pendle-

ton, Oregon for a complete psychiatric examination as required by ORS 137.112."

Pursuant to the requirements of ORS 137.112 and the order of the court, the plaintiff was sent to the Eastern Oregon State Hospital for a complete psychiatric examination. A portion of the report of this examination is as follows:

> "Mr. Admire shows no evidence of gross mental disease. He is of low average intelligence (I.Q. 94). He has a poor work record, a short Army service with a medical discharge, an unsuccessful marriage terminating in divorce, excessive alcoholism and in general has been an inadequate individual. Psychological tests reveal emotional immaturity and inability to place mature restraints on his actions, leading to irresponsible behavior."

The plaintiff was then returned to the jurisdiction of the circuit court of Jefferson county, and on April 17, 1956, he was sentenced to the state penitentiary for a period of time not to exceed 20 years. The record further discloses that the plaintiff had been married and divorced at the time of sentencing, and was of the age of 31 years.

The record also discloses that Clyde Collins and Joseph Dowdy both plead guilty to statutory rape involving the same child and were, on the 8th day of March, 1956, each sentenced to two years in the state penitentiary.

Plaintiff's confession, which he made to the police officers and does not deny making, states that he and a Mrs. Monical had been living together in Madras, Oregon; that Mrs. Monical had three children, two girls and a boy, who were living with them in a two-room apartment. The confession further states:

> "Two beds were in the apartment, one in the bedroom and one in the living room, where Mrs.

Monical and I stayed. The youngsters stayed in the bedroom. As I recall along in January of 1955, Mrs. Monical was working nights at the Cactus Inn in Madras, when one night the kids had gone to bed in the bedroom and I had gone to bed in my bed, I don't remember whether I had gone to sleep yet or not, when I got up and went into their bedroom and got in bed with the kids, which was Evelyn, Joe and Patsy. Some time during the night I had intercourse with Patsy Lee Monical, whom I knew to be under age. After having intercourse with Patsy Lee Monical I went back to my own bedroom."

Plaintiff's post-conviction petition alleges in general:

"* * * that he did not knowingly or understandingly waive Grand Jury; * * * that his plea of guilty was based upon promises and that vindictive justice was had; * * * that his plea of guilty was coerced; * * * that the trial court was given information concerning plaintiff, and his case discussed by the Trial Judge and the District Attorney, without plaintiff's knowledge, and plaintiff had no opportunity to refute or explain any information that may have been false, and that by reason thereof the trial court was prejudiced whereupon plaintiff received a twenty-year sentence."

■ There is nothing in the record or in any of the proceedings that would indicate the plaintiff did not understand each step of the proceedings which were had or that he was not fully advised at all times of his rights and acted in accordance with his best judgment. The testimony of the officers who were present fully confirms the recorded statements of what occurred. Plaintiff's testimony to the effect that Mr. Allbright, the district attorney, told him his sentence would not be more than two years if he would plead

guilty is most unconvincing. In fact, it appears to be an afterthought after reaching the penitentiary.

■ Plaintiff's principal complaint seems to be that he received a twenty-year sentence while two others who had committed the same crime with the same girl received only two years, and that the sentence he received was due to information the trial judge received not in his presence.

It is not a denial of due process for a trial judge to inform himself of matters connected with the commission of a crime that were not developed in the course of a trial. *In Re Application of Hodge*, 262 F2d 778; *Hoover v. U.S.*, 268 F2d 787; *Williams v. New York*, 337 US 241, 69 S Ct 1079, 93 L Ed 1337; 16A CJS 683, Constitutional Law § 593.

■ The record does not disclose the circumstances under which the others committed their crimes, but plaintiff's own statement of his act, together with the report of the psychiatrist, which he was permitted to read, is convincing that plaintiff was entirely lacking in moral conscience. It is little wonder the trial court was inclined to give the maximum permitted by law and leave the determination of when, if ever, a reformation might take place in the plaintiff to the judgment of the State Board of Probation and Parole.

Under the circumstances, even assuming we could consider that something prejudicial was said to the trial court out of the presence of the defendant, we cannot believe it could have influenced in the slightest his judgment.

Our examination of the entire record convinces us that there is no merit in plaintiff's appeal.

The judgment of the trial court is affirmed.