Submitted June 21, affirmed July 19, petition for rehearing
denied September 5, 1961

# BARBER *v.* GLADDEN

363 P. 2d 771

George R. Barber, in propria persona, Salem, for appellant.

Robert Y. Thornton, Attorney General, and Harold W. Adams, Assistant Attorney General, Salem, for respondent.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

SLOAN, J.

This is the third time Barber has been here. In the first case, reported at 210 Or 46, 298 P2d 986, 309 P2d 192 (1957), he was denied *habeas corpus* relief. In the second case, 215 Or 129, 332 P2d 641 (1958), also *habeas corpus*, we held that the petition was barred by *res judicata*. In the opinion in that case, however, we said: "If a petitioner establishes that the grounds asserted in his petition could not reasonably have been presented in the prior proceeding he will not be precluded from asserting them." (215 Or at p 136). This is a proceeding under the recently enacted Post-Conviction Act, ORS 138.510 et seq. He alleges grounds for relief not previously

mentioned in either of the two proceedings. In order to explain our decision we will briefly state the facts.

■ There is no question about *res judicata* in this case. ORS 138.550(4) permits one time around under the Post-Conviction Act when a petitioner was not represented in a prior *habeas corpus* proceeding by an attorney and in the post-conviction petition alleges facts not "specifically decided" in a former case.

In 1953 Barber plead guilty to an indictment returned against him in Douglas county charging him with safecracking with the use of explosives. On November 20, 1953, he appeared in the circuit court of that county for sentence. In the commission of the crime charged Barber had been helped by two accomplices. For reasons not known nor pertinent here, the two accomplices were charged with a lesser degree of the crime. The two accomplices also appeared for sentence on November 20, 1953, at the same time that Barber was before the court. The two accomplices were represented by one attorney, Barber by another.

When the attorney for the accomplices was addressing the court on behalf of his clients he charged that Barber had written his clients a letter in which Barber threatened to kill his clients if they testified against him. The letter, if any existed, was not brought into court. Barber now alleges that the statement by the attorney was so prejudicial that it caused the court to sentence him to 25 years and to sentence the two accomplices to only 3 years. The sentencing proceedings were not reported. However, it is admitted that such a statement was made.

■ In the trial of this post-conviction proceeding in the circuit court the circuit judge who sentenced Barber and the attorney who appeared for Barber at that time were present and testified. All agree that the

claimed statement was made. However, not only those witnesses but Barber himself also testified that at the time no objection or protest to the statement was made, nor did Barber or his attorney request the court to consider evidence in aggravation or mitigation of sentence as provided by ORS 137.080 et seq. Because of this the trial court, in this case, denied relief. The court held that Barber had knowingly waived any objections he may have had at the failure of the sentencing court to hear only sworn testimony. In reaching this decision the court relied on *Williams v. Oklahoma,* 1959, 358 US 576, 79 S Ct 421, 3 L Ed 2d 516. We feel compelled to affirm the trial court.

 A sentencing court is only required to take actual testimony as provided by ORS 137.090 when requested by either party. Otherwise, the court has considerable latitude in deciding what will be considered in affixing a penalty. *Admire v. Gladden,* 72 Adv Sh 1155, 227 Or 370, 362 P2d 380. *Williams v. Oklahoma,* supra, 358 US 584, is conclusive that Fourteenth Amendment rights are not violated when a sentencing court hears unsworn statements prior to imposing the penalty. In addition, we are obliged to assume, in the absence of direct evidence to the contrary, that the sentencing judge disregarded any prejudicial matter not properly brought to his attention. When the sentencing judge was a witness in the trial of this particular proceeding no one bothered to ask him if the statements of the attorney about the letter had influenced his judgment. So we must still rely on the presumption that duty was performed.

The only relief that plaintiff can or does seek is that he be returned to the circuit court for resentence. For all we know another judge might impose a longer sentence than that which now confines Barber. On

the other hand, if there are circumstances which merit consideration of release before the full term is served, the parole board has ample power and ability to grant that relief.

Judgment affirmed.