Argued October 9, affirmed November 15, 1961

## COFFMAN *v.* GLADDEN

366 P. 2d 171

*Edward N. Fadeley,* Eugene, argued the cause and submitted briefs for appellant.

*John W. Osburn*, Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was William F. Frye, District Attorney.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

SLOAN, J.

A post conviction case. Plaintiff alleged that he had been mentally ill at the time he entered a plea of guilty and did not understand what he was doing; that his plea of guilty was coerced; and that the trial judge heard unsworn statements by the prosecuting attorney at the time the sentence was pronounced.

The events preliminary to the plea of guilty were: plaintiff had been charged in Lane county with uttering and publishing a bad check. At the time the charge was made he was in custody in Kansas. He was returned to Lane county. A preliminary hearing was had and he was bound over. On the same day as the preliminary hearing, he was committed to the state hospital. He was at the hospital for about a month and discharged.

The report of the doctor at the state hospital stated that plaintiff was not suffering from any mental ailment that required institutional care.

In the meantime, an indictment was returned against him so he was returned to Lane county to answer the indictment. At that time he was represented by an attorney selected by his family. He entered a plea of not guilty to the indictment and was held for trial. He was confined in an individual cell for disciplinary and security reasons.

A few days after the arraignment he attempted to

commit suicide. Thereafter guards were placed outside the door to his cell. A day or two after the attempted suicide his attorney asked leave of the court, in the presence of the defendant, to withdraw from the case. The court appointed another attorney to represent him. About ten days later he appeared in court with that attorney and changed his plea to guilty and was sentenced to five years in the penitentiary.

During his confinement, for disciplinary reasons, he had been deprived of some meals.

Plaintiff now contends that his change of plea had been coerced because of the alleged harsh treatment he had received in the jail. He testified to vague promises made to him by unidentified officers and some one from the district attorney's office. He attempted to support his charges by depositions of men who had been in jail when he had been. The depositions were taken at the penitentiary. The testimony, if it can be called that, contained in the depositions is entitled to no weight. The testimony of those who were not obvious stooges for plaintiff did not support his claims as to the facts.

The attorney appointed for plaintiff consulted with him several times between the date of that attorney's appointment and the date when plaintiff changed his plea. There is nothing in the testimony of that attorney to show that plaintiffs change of plea was not voluntary. We are deprived of much of the evidence that could have been elicited from that attorney. When he testified he properly declined to testify as to certain conversations between himself and plaintiff because of the attorney-client relationship which had existed. For reasons of his own, plaintiff declined to waive the privilege.

■ However, if we were to sustain plaintiff's version of the facts, we would have to assume that this attorney was false in the testimony given. We would also have to find that every other officer and a deputy district attorney, who testified in the trial court in this post conviction case, had committed perjury. The record does not support such a conclusion. The evidence sustains the trial court's finding in this case that plaintiff was not coerced in the change of plea.·

■ The evidence is also convincing that plaintiff was in command of his faculties and competent to judge in his own behalf whether or not he should have entered a plea of guilty and the consequences of the plea.

We are impressed that plaintiff's present attempt to belittle the efforts and conduct of his appointed attorney are exaggerated and senseless. It appears likely that the thoughtful presentation of that attorney to the sentencing judge induced the latter to impose a less severe sentence than would have been fully justified by the record before the trial judge.

■ This brings us to the charge that plaintiff's rights were violated when the court heard unsworn statements about plaintiff's prior record when the court imposed sentence. We have held twice before that this does not violate either constitutional or statutory rights. *Admire v. Gladden,* 1961, 72 Adv Sh 1155, 227 Or 370, 362 P2d 380, *Barber v. Gladden,* 1961, 72 Adv Sh 1397, 228 Or 140, 363 P2d 771. Plaintiff contends, however, that these decisions are wrong and should be reconsidered. He also complains of the Supreme Court's decision in *Williams v. Oklahoma,* 1959, 358 US 576, 79 S Ct 421, 3 L Ed2d 516, rehearing denied, 359 US 956, 79 S Ct 737, 3 L Ed2d 763, which we followed in the Barber case. It is claimed that in the

Barber case we did not fully analyze the background of the Williams case. We thought then and do now that the Williams case was a correct decision and that it was unnecessary to repeat the reasoning of either the Supreme Court or of the Criminal Court of Appeals of Oklahoma in the same case of *Williams v. Oklahoma,* 1957, 321 P2d 990. The Oklahoma statutes are almost identical to ORS 137.080 to 137.110 upon which plaintiff relies. In respect to the Oklahoma statute the court tersely but adequately said, 321 P2d at 993, 994:

> "But two things are clear under the provisions of [the statute]. First, pursuing this method of procedure is a matter of the trial court's sound discretion. Second, its use is further contingent upon the request of either the state or the defendant."

To hold otherwise would be little short of ridiculous. It would require the trial court when hearing the most perfunctory facts to proceed only by the formal process of swearing witnesses. The legislature would never have intended such a useless formality. The trial courts were granted a sensible discretion. Or that the formal procedure should be mandatory only when demanded by either party. Obviously, if either party requests formal hearing or the facts themselves suggest sworn testimony, the trial courts should and will proceed by that method. The Supreme Court has made it clear both by decision; *Williams v. New York,* 1949, 337 US 241, 69 S Ct 1079, 93 L Ed 1337, and by changes made in the Report of the Advisory Committee on Rules of Criminal Procedure by the United States Supreme Court, see Note 49, Col L R 567 (1949), that the Court considers it

important that the sentencing judge use valid information submitted to him other than by formal hearing.

Other courts have construed statutes similar to ours in the same way. *People v. Serrielle,* 1933, 354 Ill 182, 188 NE 375, *State v. Hefta,* 1958, ND 88 NW2d 626, *State v. Thomas,* 1956, 81 Ariz 124, 302 P2d 261.

Judgment affirmed.