**George R. BARBER, Appellant,**

**v.**

**Clarence T. GLADDEN, Warden of the Oregon State Penitentiary, Appellee.**

**No. 18812.**

United States Court of Appeals Ninth Circuit.

Jan. 29, 1964.

Rehearing Denied March 20, 1964.

George R. Barber, in pro. per. for appellant.

Robert Y. Thornton, Atty. Gen. of State of Oregon, and C. L. Marsters, Asst. Atty. Gen., Salem, Or., for appellee.

Before CHAMBERS and HAMLEY, Circuit Judges, and MURRAY, District Judge.

MURRAY, District Judge.

Appellant, an inmate of the Oregon State Penitentiary, filed a petition for a writ of habeas corpus in the court below seeking to set aside the 25 year sentence imposed upon him by the Circuit Court of Douglas County, Oregon, after his plea of guilty in that court to a charge of burglary with explosives in violation of ORS 164.260. The District Court denied the petition, Barber v. Gladden, D.C. Or., 220 F.Supp. 308, and this appeal followed. Jurisdiction of the District Court was based on 28 U.S.C. § 2241, and jurisdiction of the appeal is conferred on this court by 28 U.S.C. § 2253.

Appellant did not appeal his conviction and sentence, but he has been before the Oregon State Courts a number of times since seeking relief by way of habeas corpus and under the Oregon Post-Conviction Hearing Act, ORS 138.510 to 138.-680. Barber v. Gladden, 210 Or. 46, 298 P.2d 986, 309 P.2d 192, cert. denied, 359 U.S. 948, 79 S.Ct. 732, 3 L.Ed.2d 681; Barber v. Gladden, 215 Or. 129, 332 P.2d 641; Barber v. Gladden, 228 Or. 140, 363 P.2d 771, cert. denied, 369 U.S. 838, 82 S.Ct. 869, 7 L.Ed.2d 843. Appellant has exhausted his state court remedies as required by 28 U.S.C. § 2254.

Appellant's first contention here, as it was in the court below, is that the indictment to which he pled guilty in the Douglas County Circuit Court was defective because, one, it failed to allege the ownership of the building in which the burglary occurred, and two, it failed to identify the subject matter under inquiry by the Douglas County Grand Jury at the time the indictment was returned, and that he was thereby deprived of his constitutional right to due process of law under the Fourteenth Amendment.

The indictment charged that appellant "on the 25th day of October A.D. 1953, in the said County of Douglas and State of Oregon * * * did then and there unlawfully, wilfully and feloniously break and enter in the night time a certain building not a dwelling, to-wit: Neilson's Market located at South Stevens Street near the South City Limits of the City of Roseburg, County and State aforesaid" with the intent to commit

larceny therein with the aid of explosives. This allegation, it seems to us, states plainly that the building belonged to one Neilson, particularly in view of the apostrophe "s", denoting possession or ownership, punctuation-wise, and this understanding of the indictment from a reading thereof is confirmed by appellant's statement in his petition that one Lester Neilson testified at the preliminary hearing that he was the owner of the building entered. Whether this is a sufficiently direct allegation of ownership of the building under the common law authorities cited by appellant is immaterial here, because due process under the Fourteenth Amendment, as concerns an indictment or information, requires only that it state a public offense, and give sufficiently reasonable notice and information of the specific charge to enable the person charged to make his defense, and to plead his conviction or acquittal thereof as a bar to a subsequent prosecution for the same offense. United States v. Cruikshank, 92 U.S. 542, 558, 23 L.Ed. 588; In re Oliver, 333 U.S. 257, 273, 68 S.Ct. 499, 92 L.Ed. 682; Paterno v. Lyons, 334 U.S. 314, 320, 68 S.Ct. 1044, 92 L.Ed. 1409. The indictment here meets these requirements.

Appellant's second contention that the indictment is invalid because it failed to identify the subject matter under inquiry by the grand jury at the time the indictment was returned is founded upon a misunderstanding by appellant of the decision in Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240. The petitioners in the Russell case were convicted for refusing to answer certain questions when summoned before a congressional subcommittee. The convictions were reversed because the indictments failed to allege the subject under inquiry by the subcommittee when the petitioners were summoned to testify. That the questions which the petitioners refused to answer were relevant to the subject under inquiry by the subcommittee was an essential element of the offense with which those petitioners were charged, and the Supreme Court held that by failing to identify such subject, the indictments failed to adequately notify the petitioners of what they had to be prepared to meet, and also made it impossible for the courts to decide whether the facts were sufficient in law to support convictions. We know of no law that requires an indictment to otherwise identify the subject under inquiry by the grand jury than by the charge made in the indictment itself.

Appellant's remaining contentions are:

> That he was coerced into pleading guilty by threats of Oregon State officials that if he did not plead guilty and was found guilty after a trial, habitual criminal charges would be filed against him thereby increasing his minimum sentence to 80 years;
>
> That the sentencing judge exhibited personal bias against appellant at the time of sentencing him by relating a boyhood experience wherein safecrackers had robbed and shot at the judge's father, and stating "for that reason I have no use for the likes of you and I am going to put you where the dogs won't bark at you, 25 years in the Oregon State Penitentiary";
>
> That in fixing sentence, the court was influenced by an unsworn statement, which was untrue, made by counsel for appellant's two co-defendants to the effect that appellant had written a note to the co-defendants threatening their lives because they implicated him in the burglary.

All of these contentions raise questions of fact which have been resolved against appellant in the court below on testimony which he presented there, and on transcripts of the testimony presented at his various hearings in the Oregon State Courts, wherein the Oregon Courts resolved the issues against him. Rule 52 (a) of the Federal Rules of Civil Procedure provides that findings of fact by the District Court shall not be set aside on

appeal unless clearly erroneous, and this principle of appellate review applies as well as to habeas corpus proceeding as to other cases. Palakiko v. Harper, CA 9, 209 F.2d 79.

We have examined the entire record including the testimony in the court below and the testimony given at appellant's various hearings in the Oregon courts, and conclude that the District Court's decision of these factual issues adversely to appellant is not clearly erroneous and is supported by substantial evidence. Without a prolonged recitation of the evidence, it need only be pointed out with reference to the alleged coercion of the guilty plea, that while appellant testified and submitted affidavits to the effect that the District Attorney, a state policeman and the jailer threatened him with the habitual criminal charge unless he pled guilty, those individuals denied making such threats. The court was entitled to believe those individuals rather than appellant and his affidavits. At the time he entered his plea, appellant was represented by an attorney of his own choosing, who had experience in criminal law as a former member of the District Attorney's staff. This attorney testified he advised appellant not to plead guilty if he was not guilty, but that if he were guilty he should consider the habitual criminal statute in deciding upon his plea because appellant's attorney had been informed by the District Attorney that the habitual criminal charge would be filed if the case were tried. The maximum penalty for the offense with which appellant was charged was 40 years, but if the habitual criminal charge were added and proved, the minimum penalty would be 80 years. There could have been no doubt in appellant's mind of the state's ability to prove the habitual criminal charge. These facts, together with the fact appellant knew at the time that his two co-defendants were prepared to testify against him, warrant the conclusion that his plea of guilty was induced not by coercion, but by a well considered, prudent choice of the lesser of two evils.

With regard to the basis upon which the judge fixed the 25 year sentence, there was no reporter present when sentence was imposed and hence no transcript of the sentencing proceedings is available. However, from the testimony in the court below, and in the Oregon State habeas corpus and Post-Conviction Act hearings, it seems to be fairly well established that the judge did relate a personal boyhood experience concerning a burglary and shooting at his father's store, although the judge's version differed somewhat from appellant's, and he flatly denied making the statement to appellant that "I have no use for the likes of you". It may also be accepted as a fact that counsel for the two co-defendants reported to the court that appellant had written a note threatening the lives of the co-defendants because they had implicated him in the burglary, and that the alleged note was never produced.

That these matters influenced the court in fixing the 25 year sentence, however, does not appear from the record. The sentencing judge testified that he was never satisfied that there was such a note because it was never produced. He further testified directly, and again the court was entitled to accept his testimony, that the basis upon which he fixed appellant's sentence was

> "It was brought to my attention that you had a long criminal record. You had been in prison—in the penitentiary at Walla Walla and also in the Oregon State Penitentiary, and in considering that I figured when you got out you would have paid your debt to society, but one of my duties was to consider the question of the deterrent effect that it would have on you and other criminals, and the maximum sentence was forty years, and I thought in view of your plea of guilty you should have credit for that, and I gave you fifteen years credit, which is all I think you are entitled to."

Certainly these were proper factors to consider in determining the length of the

sentence, and the record does not demonstrate that the sentence, well within the statutory limit, was influenced by any improper considerations.

Affirmed.