Argued September 21, affirmed October 19, petition for rehearing
denied November 23, 1971, petition for review
denied January 4, 1972

STATE OF OREGON, *Respondent, v.* RONALD
EUGENE McKINNEY, No. C-59020, No. C-59021,
No. C-59022, *Appellant.*

489 P2d 976

*Oscar D. Howlett,* Portland, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

These three cases were consolidated for plea, sentence and appeal. In one defendant was charged with illegal possession of narcotics and in the other two illegal sale of narcotics. Defendant pled guilty to all three charges and a presentence investigation was ordered. Sentencing occurred the day after the presentence report was received by the court. Defendant's counsel read the report before the sentence hearing.

The assignment of error is that the court considered hearsay testimony from a police officer whom the court itself called as a witness for the sentencing hearing. In the officer's testimony was included gross hearsay from various reports concerning defendant's trafficking in drugs, including allegations that he sold drugs to juveniles. Defendant's counsel strenuously objected to the hearsay.

ORS 137.080 provides that the sentencing court

may conduct a summary hearing in which testimony in aggravation and mitigation of punishment may be heard. ORS 137.090 provides that the court may order presentence investigations for its aid in sentencing pursuant to ORS 137.530 and allow counsel for the defendant to read the same. Presentence reports are made the only complement or alternative to the taking of testimony in the summary hearing concerning circumstances in justification of aggravation or mitigation in punishment by ORS 137.090 and 137.110.

*Coffman v. Gladden,* 229 Or 99, 102, 366 P2d 171 (1961), holds that unsworn statements may be received by the trial court in considering sentence. *State v. Scott,* 237 Or 390, 400, 390 P2d 328 (1964), holds that hearsay evidence is admissible in the sentencing procedure, at least insofar as it may be included in a presentence report.

The presentence report which was read by the trial judge and the defendant's counsel in the case at bar, and which is part of the record, in several places relates that the defendant had been carrying on extensive traffic in narcotics with juveniles before his arrest on these three charges. Inasmuch as this evidence was properly before the court in the presentence report, we deem further evidence of the same facts received from the police officer at the hearing in the courtroom to be merely cumulative and harmless under the circumstances. A reading of ORS 137.080 et seq., leaves open the question whether witnesses called at a sentence hearing are restricted to giving testimony subject to the rules of evidence. An investigator can put the hearsay evidence in a presentence report to the court; therefore, it seems pointless to hold that a witness under oath cannot say the same thing to the

court. However, it can be argued that the legislature intended that the only way that hearsay can be called to the court's attention for sentencing purposes is through the trained and experienced medium of a probation officer who makes an investigation and subsequent presentence report to the court. By reason of his training, experience and investigative abilities and opportunities, he may well be able to eliminate untrustworthy hearsay and bring to the judge's attention only that part of hearsay which has reliability and value for its legitimate uses.

We find it unnecessary to construe the statutes in this regard because, as we have indicated above, the hearsay received at the hearing was cumulative and harmless. Defendant claims that because the hearsay about drug traffic with juveniles was heard he received the maximum sentence. We note that although the trial court gave the maximum sentence on each of the three charges, it ordered that the sentences of imprisonment were to run concurrently. In an ordinary case of this severity the court indicated it would have ordered the sentences to run consecutively. The court also dismissed four other narcotics charges which were pending against the defendant when the sentences in these three cases were pronounced.

Affirmed.