Argued and submitted August 28, reversed and remanded
for resentencing November 26, 1979

## STATE OF OREGON,
*Respondent,*
*v.*
## ROBERT LEE COLLINS,
*Appellant.*

(No. 78-10-393, CA 13928)

602 P2d 1081

Dale D. Liberty, Sr., Oregon City, argued the cause and filed the brief for appellant.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was discovered and apprehended in the course of burglarizing two adjoining apartment units in Milwaukie. He appeals from his conviction after jury trial of two counts of burglary in the first degree.

The sole assignment of error requiring discussion deals with the propriety of the trial court's having considered prior to imposing sentence a typewritten summary prepared by the district attorney's office of defendant's alleged further misdeeds.

Among the items in the summary that defendant has objected to were:

(a) An allegation that defendant had threatened the life of a witness for the state in the instant case;

(b) An allegation that after the verdict was entered defendant had conspired to escape, together with a detailed description of the planned escape;

(c) A recommendation that a more severe sentence be imposed than recommended in the presentence report.

None of the above information was in the presentence report from the Corrections Division.

Defendant objected to the district attorney's summary on the ground that it was based on hearsay; that it was an invasion of the court's sentencing prerogatives. Further, defendant disclaimed through his counsel that he threatened the witness's life or was involved in an escape try. Defendant was given an opportunity to refute the derogatory information set forth in the summary prior to imposition of sentence. Defendant did not request that the derogatory information be presented by witnesses in open court.

We conclude that the circuit court's action in considering the district attorney's sentencing summary requires that we remand for resentencing.

On appeal, defendant calls attention to ORS

[267]

137.090 in support of this assignment. This section provides in pertinent part as follows:

> "The circumstances which are alleged to justify aggravation or mitigation of punishment shall be presented by the testimony of witnesses examined in open court, except that when a witness is so sick or infirm as to be unable to attend * * *. The court may consider the report of presentence investigation conducted by probation officers pursuant to ORS 137.530 or any other person designated by the court."

While the above provision appears to require that circumstances of aggravation be presented by in-court testimony, the state argues that our Supreme Court has interpreted this not to be an absolute requirement. In *Barber v. Gladden*, 228 Or 140, 143, 363 P2d 771 (1961), *cert den* 369 US 838 (1962), the court said:

> "A sentencing court is only required to take actual testimony as provided by ORS 137.090 when requested by either party. Otherwise, the court has considerable latitude in deciding what will be considered in affixing a penalty. *Admire v. Gladden,* 227 Or 370, 362 P2d 380 [(1961), *cert den* 368 US 971 (1962)]. * * * "

The state also points out that the court reaffirmed this interpretation in *Coffman v. Gladden,* 229 Or 99, 103, 366 P2d 171 (1961), where it observed:

> "To hold otherwise would be little short of ridiculous. It would require the trial court when hearing the most perfunctory facts to proceed only by the formal process of swearing witnesses. The legislature would never have intended such a useless formality. The trial courts were granted a sensible discretion. * * *"

Both cases are distinguishable in that in neither case did defendant object. Here defendant did object.

We conclude that the plain language of ORS 137.090 requires that the state must present this derogatory information by witnesses in open court. An unambiguous statute should not be interpreted but should be enforced according to its clear language. *State v. Young,* 74 Or 399, 145 P 647 (1915).

Reversed and remanded for resentencing.