# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH E. MEYER,
*Appellant.*

## (No. DA 179240, CA 18108)

626 P2d 384

Robert A. Goffredi, Portland, argued the cause for appellant. On the brief were Helfrich & MacMillan, P. C., Portland, and Robert D. Scholz, Portland.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant was convicted of disorderly conduct, ORS 166.025(1)(a), and resisting arrest, ORS 162.315(1). Both offenses are misdemeanors. His first assignment of error alleges the preliminary procedures conducted in the Multnomah County Courthouse in Portland were required by ORS 46.010(2) to be conducted in the District Court in Gresham.

■        Defendant was arrested on September 23, 1979, in Troutdale, which is located in the eastern part of Multnomah County. He was arraigned in District Court in the Multnomah County Courthouse in Portland on September 24, 1979. On October 8, 1979, he again appeared before the District Court in Portland where he elected to represent himself, made certain motions which were denied — including a motion for dismissal based on ORS 46.010(2), entered pleas of not guilty, requested a jury trial and made a motion for "change of venue" to Gresham which was granted. Thereafter he was tried in Gresham and found guilty.

ORS 46.010(1) and (2) provide:

"(1)   In Multnomah County there shall be a court that shall be styled 'The District Court of the State of Oregon, for the County of Multnomah.'

"(2)   The court shall have 13 judges, one of whom shall hold court at Gresham, Multnomah County, as directed by the Supreme Court but in no event less than one day a week. The territorial limits of the court and its civil and criminal jurisdiction shall be as otherwise provided by law for district courts. *All proceedings* resulting from alleged state traffic offenses or misdemeanors occurring east of 122nd Avenue extended to the north and south boundaries   ·  of Multnomah County *shall* be conducted in the district court in Gresham unless the accused requests trial in Portland." (Emphasis supplied.)[1]

---

[1] We note that a District Court judge was first required to sit in Gresham by legislation enacted by the 1965 legislature. Former ORS 46.010(2) provided:

"The court shall have five judges, at least one of whom shall periodically hold court at Gresham, Multnomah County, as directed by the Supreme Court."

In 1967 the statute was amended to its present form.

Defendant maintains on appeal that the language "[a]ll proceedings * * * shall be conducted in the district court in Gresham * * *" required his arraignment and all proceedings thereafter to be in Gresham. Defendant claims the failure to hold the proceedings in accordance with ORS 46.010(2) should operate to reverse the trial court's conviction. We disagree.

Although defendant made, and the court allowed, a motion for "change of venue," the statutory provision in question here is not a venue provision. The venue statute, ORS 14.110(1)(a), provides for the transfer of a proceeding to another county, which is not the case here. That statute also provides that the court may change only "the place of trial" which, if applied here, would be contrary to the provision of ORS 46.010(2) requiring "all proceedings" to be conducted in the Gresham court.

We also conclude the statutory requirement is not *jurisdictional* because of the language "The territorial limits of the court and its civil and criminal jurisdiction shall be as otherwise provided by law for district courts." ORS 46.030 provides:

"The territorial limits of a district court, over which the court shall have jurisdiction, shall be coextensive with the boundaries of the county or counties in which the court is located. * * *"

Thus, the court sitting in Gresham has county-wide jurisdiction just as the court sitting in Portland has county-wide jurisdiction.

The question then becomes one of legislative intent. Because the language is unambiguous we need not search for a legislative explanation. *State v. Collins,* 43 Or App 265, 602 P2d 1081 (1979); *Molalla Pump v. Chaney,* 42 Or App 789, 601 P2d 874 (1979); *State v. Young,* 74 Or 399, 145 P 647 (1915). It is obvious that, in enacting ORS 46.010(2), the legislature intended that a certain amount of Multnomah County's district court business be conducted in Gresham. The language of the statute is a directive to the law enforcement agencies in Multnomah County to cite the offenses described in the statute into the Gresham court, as well as a directive to the district court administration and the court itself to conduct the business of the district court as described in the statute in Gresham.

■     With this in mind it is sufficient for a defendant who has been erroneously cited into the Multnomah County Courthouse in Portland to inform the court, either in person or through his attorney, that he desires to have his case processed in the Gresham court. The citation or complaint recites the necessary facts as to the geographical area in which the crime or traffic offense occurred. The court has no discretion in the matter; it is to be allowed as a matter of course.

■     Turning to the facts of this case, we find the defendant, by not raising the issue at the earliest opportunity, waived his right to have those proceedings which occurred prior to the entry of his objections conducted in Gresham. When he asked the court to transfer the proceedings to Gresham it did so.

Defendant's other assignments of error are also without merit.

Affirmed.