Argued and submitted January 24, 1986, resubmitted In Banc March 12, conviction affirmed, sentence vacated and remanded for resentencing April 15, 1987

STATE OF OREGON,
*Respondent,*

*v.*

CLIFFORD PHILLIP DECK,
*Appellant.*

(B66-524; CA A36764)

735 P2d 637

Robert C. Homan, Eugene, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

NEWMAN, J.

Warden, J., specially concurring.

## NEWMAN, J.

Defendant appeals his conviction for sexual abuse in the second degree, a Class A misdemeanor. ORS 163.415.[1] He argues that the court erred in denying his motion for judgment of acquittal, in improperly instructing the jury and in admitting hearsay evidence at sentencing. We affirm the conviction but vacate the sentence and remand for resentencing.

On October 1, 1984, the victim's mother called the police and informed them that her daughter, age 13, had told her that she had been sexually abused by defendant on March 9, 1984. Defendant was arrested and charged with sexual abuse in the second degree. At trial, the victim testified that she had babysat for defendant and his wife on March 8, 1984. She had stayed overnight at their residence and had slept with their daughter that night. She testified that she was awakened during the middle of the night by someone with a hand on her breast. She stated that she had recognized the person as defendant, that he had asked her how the children behaved that evening and that he had then left the room. She further testified that she did not scream or cry and that she stayed the rest of the night.

Defendant testified that he and his wife went out that evening to celebrate his wife's birthday, that when they got home he went upstairs to check on the children, that he tucked the bedcovers around the victim and his daughter and that he did not touch the victim's breast.

After defendant was convicted, the court held a sentencing hearing. ORS 137.080.[2] No report of a presentence

---

[1] ORS 163.415 provides:

"(1) A person commits a crime of sexual abuse in the second degree if the person subjects another person to sexual contact; and

"(a) The victim does not consent to the sexual contact; or

"(b) The victim is incapable of consent by reason of being under 18 years of age, mentally defective, mentally incapacitated or physically helpless."

"* * * * *

"(3) Sexual abuse in the second degree is a Class A misdemeanor."

[2] ORS 137.080 provides:

"After a plea or verdict of guilty, or after a verdict against the defendant on a plea of former conviction or acquittal, in a case where a discretion is conferred

investigation was ordered or offered. *See* ORS 137.090; ORS 137.530. At the hearing, the state called the victim as a witness in aggravation of the sentence.[3] The court also considered that the state had called the victim for that purpose.[4] The victim testified, over objection, that defendant's daughter had told her that she, too, had been abused by defendant.[5] The state urged the court to give defendant the maximum sentence of one year in jail. The court suspended imposition of sentence for three years and placed defendant on probation under specified conditions, including confinement in jail for 60 days.

In defendant's first two assignments, he asserts that the court's denial of his motion for judgment of acquittal and its jury instruction on inferences were erroneous. These assignments are not well taken and do not merit discussion.

Defendant's third assignment is that the court erred in allowing the victim, over his objection, to testify about his daughter's statements. He first argues that the testimony is inadmissible hearsay. The state responds that the rules of evidence governing hearsay do not apply to sentencing and that, therefore, the court properly admitted the testimony. It relies on OEC 101(4), which provides:

"Rules 100 to 412 and Rules 601 to 1008 of the Act [which include the rules concerning hearsay] do not apply in the following situations:

"* * * * *

"(d) Sentencing, except as required by ORS 137.090."

ORS 137.090 provides:

---

upon the court as to the extent of the punishment to be inflicted, the court, upon the suggestion of either party that there are circumstances which may be properly considered in aggravation or mitigation of the punishment, may, in its discretion, hear the same summarily at a specified time and upon such notice to the adverse party as it may direct."

[3] At the sentencing hearing the prosecuting attorney stated:

"I think the evidence is definitely relevant and would be in aggravation of the sentencing."

[4] The court asked the prosecuting attorney if the state had given notice to defendant's counsel "that it would be calling the witness in aggravation?" The prosecuting attorney answered in the negative, but defendant's counsel waived any objection to lack of notice.

[5] The victim testified that the daughter told her that defendant had "done the same things to her that he did to me, only worse."

"The circumstances which are alleged to justify aggravation or mitigation of the punishment shall be presented by the testimony of witnesses examined in open court, except that when a witness is so sick or infirm as to be unable to attend, his deposition may be taken out of court at such time and place, and before such person authorized to take depositions, as the court directs. The court may consider the report of presentence investigation conducted by probation officers pursuant to ORS 137.530 or any other person designated by the court."

To that argument, defendant replies:

"The only possible conclusion which can be reached by reading OEC 101(4)(d) together with ORS 137.090 is that the only admissible hearsay at sentencing is that contained in the presentence investigation. All other evidence in aggravation or mitigation must be presented by witnesses in open court and those witnesses must necessarily testify only to first-hand information."

The state does not argue that ORS 137.090 is inapplicable. It urges, however, that, although ORS 137.090 requires that evidence of aggravating circumstances not contained in the presentence report be presented by live witnesses examined in open court, it does not state that they may not give hearsay testimony.

The state's interpretation is based on the Legislative Commentary to OEC 101(4)(d):

"This paragraph exempts sentencing from the rules of evidence and directs attention instead to the statute that specifically governs sentencing procedure. ORS 137.090. Early case law based upon the statute would imply that the state can prove any aggravating circumstance by unsworn statements. *Coffman v. Gladden,* 229 Or 99, 366 P2d 171 (1961). This case was decided before the institution of presentence reports. Since then, ORS 137.090 has been interpreted as requiring the sentencing court to take the testimony of witnesses when considering any aggravating information that is not contained in the presentence report, if the defendant requests. *State v. Collins,* 43 Or App 265 (1979); *State v. Brown,* 44 Or App 597 (1980). *A remaining issue is whether witnesses who are sworn are restricted to giving testimony subject to the rules of evidence. State v. McKinney,* 7 Or App 248, 489 P2d 976 (1971). As an investigator can put hearsay evidence in a presentence report, *State v. Scott,* 237 Or 390, 390 P2d 328 (1964), it seems

pointless to prevent a witness under oath from saying the same thing. However, it can be argued that a trained probation officer is able to eliminate untrustworthy hearsay and bring to the court's attention only hearsay that is reliable and valuable for its legitimate use. The Legislative Assembly considers judges capable of determining the reliability of hearsay evidence, and agrees that it is pointless to assign different values to the same hearsay depending upon the manner in which it is presented to the court." *Commentary to Oregon Evidence Code* 35 (Butterworth 1981). (Emphasis supplied.)

*See also* Kirkpatrick, *Oregon Evidence* 8 (1982). In *State v. McClure,* 298 Or 336, 344, 692 P2d 579 (1984), however, the court stated:

"It must be remembered that the commentary is not an official part of the Oregon Evidence Code and was not approved by the entire legislature. Of course it provides highly useful background regarding each rule and guidance to courts and attorneys in interpreting these rules, but the commentary is not controlling upon this or any other court."

In considering the different interpretations, we note that, under some circumstances, the court has allowed admission of hearsay evidence at sentencing, *State v. Scott,* 237 Or 390, 390 P2d 328 (1964) (arrest record contained in a presentence investigation report); *Coffman v. Gladden,* 229 Or 99, 366 P2d 171 (1961) (unsworn statements about defendant's prior criminal record); *Barber v. Gladden,* 228 Or 140, 363 P2d 771 (1961) (unsworn statement that defendant had threatened to kill his accomplices if they testified against him); *Admire v. Gladden,* 227 Or 370, 375, 362 P2d 380 (1961), *cert den* 368 US 971 (1962) (psychiatric report containing "matters connected with the commission of [the crime charged]").

*State v. Scott, supra,* however, does not resolve the issue here, because ORS 137.090 specifically provides for the use of presentence investigation reports. *Coffman, Barber* and *Admire* are also not controlling. Each involved post-conviction challenges to sentencing proceedings. In *Admire,* the court did not discuss ORS 137.090. There, the defendant claimed that consideration of a psychiatric report denied him due process. In *Barber,* although the defendant argued that ORS 137.090 prohibited consideration of an unsworn statement made by the attorney for the defendant's accomplices that the defendant had threatened to kill them, the court

affirmed, because the defendant failed to request a sentencing hearing and had not objected to the attorney's statement at the time it was made. *Coffman* also held that it was not error for the trial court to consider unsworn statements about the defendant's prior record when the defendant had neither requested a hearing nor objected to the statements. 229 Or at 99. Here, the state does not contend that defendant failed to request a hearing or to object to the victim's testimony. *See State v. Collins,* 43 Or App 265, 602 P2d 1081 (1979).

In *State v. McKinney,* 7 Or App 248, 489 P2d 976 (1972), the defendant objected to the trial court's consideration of a police officer's hearsay testimony at the sentencing hearing that the defendant had sold drugs to juveniles. The testimony implicated the defendant in criminal activity for which the record did not disclose that he had ever been charged or tried. The defendant asserted that, because of that testimony, he received the maximum sentence. We stated, however, that "[a] reading of ORS 137.080 *et seq.,* leaves open the question whether witnesses called at a sentence hearing are restricted to giving testimony subject to the rules of evidence." 7 Or App at 250. We implied that it was error to admit. that evidence but stated that the testimony of the police officer was "merely cumulative and harmless under the circumstances," 7 Or App at 250, because the evidence was properly before the court in the presentence report and the police officer's testimony was evidence of the same facts. Accordingly, we chose not to construe the statute to resolve the question we had posed and, in these words, distinguished the admission of hearsay evidence in a presentence report:

> "An investigator can put the hearsay evidence in a presentence report to the court; therefore, it seems pointless to hold that a witness under oath cannot say the same thing to the court. However, it can be argued that the legislature intended [in ORS 137.090] that the only way hearsay can be called to the court's attention for sentencing purposes is through the trained and experienced medium of a probation officer who makes an investigation and subsequent presentence report to the court. By reason of his training, experience and investigative abilities and opportunities, he may well be able to eliminate untrustworthy hearsay and bring to the judge's attention only that part of hearsay which has reliability and value for its legitimate uses." 7 Or App at 250.

We recognize that "[t]he sentencing court must be

provided with a great variety of information in order that it can perform its most burdensome function." *State v. Scott, supra,* 237 Or at 399. We have, however, never expressly approved the use of hearsay testimony in a sentencing hearing to show that a defendant was involved in a criminal incident for which he has never been charged or tried. In *State v. Brown,* 44 Or App 597, 602 n 4, 606 P2d 678 (1980), we stated:

> "[W]e have reservations about the propriety of allowing a prosecutor in a summary sentencing proceeding to put on a case implicating a defendant in serious criminal activity for which the defendant has never been charged or tried."

Although in *Brown* the statements were made by the prosecutor, we also have reservations about permitting a witness in a sentencing hearing to give hearsay testimony that implicates a defendant in criminal activity for which he has never been charged or tried. *See also State v. Collins, supra.*

The exception clause in OEC 101(4) has meaning only if ORS 137.090 requires that at least some portions of Rules 100 to 412 and 601 to 1008 apply to sentencing. The second sentence of ORS 137.090 provides that the court may consider presentence reports, which commonly include hearsay evidence; it does *not,* therefore, require that the hearsay rules (OEC 801 to OEC 806) apply to sentencing. Accordingly, the exception clause must refer to the first sentence of ORS 137.090, which covers "the testimony of witnesses." OEC 801 to OEC 806 are clearly pertinent to the presentation of testimony. Furthermore, contrary to the second sentence, the first sentence neither expressly or nor impliedly states that the court may consider hearsay testimony.

■■ We hold that ORS 137.090 requires that OEC 801 to OEC 806 apply to testimony of witnesses in a sentencing hearing about circumstances that are put forward to justify aggravation of punishment, where the testimony implicates the defendant in criminal activity for which he has never been charged or tried. Here, the victim gave hearsay testimony in open court regarding what defendant's daughter had told her. It implicated defendant in criminal activity for which he has never been charged or tried. It was a circumstance that the prosecutor presented to justify aggravation of punishment. Accordingly, the court erred when it allowed the victim to testify to what defendant's daughter had told her. Moreover,

the court did not disregard the victim's testimony but gave some weight to it.[6] We vacate the sentence and remand for resentencing. *See State v. Brown, supra,* 44 Or App at 602; *State v. Collins, supra; State v. McKinney, supra.*[7]

Conviction affirmed; sentence vacated; remanded for resentencing.

**WARDEN, J.,** specially concurring.

Because I would hold that ORS 137.090 permits witnesses to present hearsay testimony at sentencing hearings concerning circumstances which justify aggravation or mitigation of punishment but that the admission of the particular hearsay testimony here involved violated defendant's confrontation rights under Article I, section 11, of the Oregon Constitution, I specially concur.[1]

The majority holds "that ORS 137.090 *requires* that [the hearsay rules,] OEC 801 to OEC 806[,] apply to testimony of witnesses in a sentencing hearing about circumstances [concerning] aggravation of punishment * * *." 84 Or App at 732-33. (Emphasis supplied.) The majority has misinterpreted ORS 137.090 in holding that it bars all hearsay testimony in sentencing proceedings.

ORS 137.090 requires that the state "present [evidence of aggravating circumstances] by witnesses in open court." *State v. Collins,* 43 Or App 265, 268, 602 P2d 1081 (1979); *see State v. Brown,* 44 Or App 597, 600-602, 606 P2d 678 (1980). It did so here by producing the victim as a witness. Neither Oregon appellate court has decided whether those witnesses' testimony is subject to the rules of evidence. OEC 101(4)(d) provides that the Evidence Code, including the rules covering hearsay (OEC 801 to OEC 806), does not apply to sentencing,

---

[6] At the sentencing hearing, the court stated:

"I don't place, for sentencing purposes, undue stock on the allegations of the other victim. My clear preference is that if someone has been damaged, they should have the courage to step forward and say so. I respect greatly the victim here that's done that. But if the other alleged victim has not done that, then I'm not going to consider that with any great credibility at all."

[7] Because of our disposition of this case, we do not reach the Confrontation Clause arguments.

[1] I agree with the majority that defendant's first two assignments of error have no merit.

"except as required by ORS 137.090." The legislative commentary to OEC 101(1)(4)(d) states that the rule "exempts sentencing from the rules of evidence and directs attention instead to the statute that specifically governs sentencing. ORS 137.090." *Commentary to Oregon Evidence Code* 4 (Butterworth 1982) (Commentary).

ORS 137.090 provides:

> "The circumstances which are alleged to justify aggravation or mitigation of the punishment shall be presented by the testimony of witnesses examined in open court, except that when a witness is so sick or infirm as to be unable to attend, the deposition of the witness may be taken out of court at such time and place, and upon such notice to the adverse party, and before such person authorized to take depositions, as the court directs. The court may consider the report of presentence investigation conducted by probation officers pursuant to ORS 137.530 or any other person designated by the court."[2]

The majority states:

> "[T]he exception clause [in OEC 101(4)(d)] has meaning only if ORS 137.090 requires that at least some portions of rules 100 to 412 and 601 to 1008 apply to sentencing. The second sentence of ORS 137.090 provides that the court may consider presentence reports, which commonly include hearsay evidence; it does *not,* therefore, require that the hearsay rules (OEC 801 to OEC 806) apply to sentencing. Accordingly, the exception clause must refer to the first sentence of ORS 137.090, which covers 'the testimony of witnesses.' OEC 801 to OEC 806 are clearly pertinent to the presentation of testimony. Furthermore, contrary to the second sentence [of ORS 137.090], the first sentence neither expressly nor impliedly states that the court may consider hearsay testimony." 84 Or App at 732. (Emphasis in original.)

The majority misreads the import of that exception clause. It should not be interpreted to mean that some of the rules *necessarily* apply in sentencing. Rather, as the legislative commentary indicates, the intent was that ORS 137.090 determines whether *any* of those rules are to apply to sentencing. To hold that none of the enumerated rules applies would *not,* therefore, render the exception clause meaningless, as the

---

[2] In sentencing, a court may consider other written hearsay besides the presentence report. ORS 137.079.

majority contends. It follows that, to determine whether a witness in a hearing to present aggravating or mitigating circumstances may properly give hearsay testimony, we must look to ORS 137.090. Nothing in that statute, either expressly or impliedly, reveals a legislative intent that witnesses who testify to "circumstances alleged to justify aggravation or mitigation of the punishment" are prohibited from giving hearsay testimony. In construing a statute, we are not free "to insert what has been omitted or omit what has been inserted." ORS 174.010; *Raudebaugh v. Action Pest Control, Inc.*, 59 Or App 166, 172, 650 P2d 1006 (1982). We therefore may not infer, as the majority does, that hearsay testimony is prohibited because the first sentence of ORS 137.090 fails to state that the court may consider hearsay testimony. The majority cites no authority that that was the legislature's intent but simply inserts what it deems to have been omitted.

However, defendant also argues that use of the victim's hearsay testimony at sentencing that implicated him in uncharged and untried criminal activity violated his confrontation rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment and his due process rights under the Fifth and Fourteenth Amendments.[3]

Article I, section 11, provides that "[i]n all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face * * *." The Oregon Supreme Court has stated, in reference to Article I, section 11, that "[t]he term 'criminal prosecution' includes sentencing, a stage at which a judicial decision affecting a defendant's future liberty is made." *State ex rel Russell v. Jones,* 293 Or 312, 315, 647 P2d 904 (1982). The Confrontation Clause thus applies to sentencing, and we would have to determine the scope of the confrontation right as it relates to hearsay testimony presented at sentencing hearings that implicates a defendant in serious criminal activity for which he has never been arrested, charged or tried.

Although the wording of the Confrontation Clauses

---

[3] Defendant's objection to the hearsay testimony at sentencing did not raise the constitutional issues. However, there were extensive arguments concerning the objection, and the record is sufficient for our review of the constitutional arguments made on appeal. Furthermore, the state does not contend that we should not consider those arguments. For those reasons, I would address the constitutional issues raised.

in the Oregon and federal constitutions differ,[4] the Oregon Supreme Court has adopted the reasoning of the United States Supreme Court in analyzing confrontation issues. *State v. Campbell,* 299 Or 633, 648, 705 P2d 694 (1985). The United States Supreme Court has not decided the precise issue presented in this case. However, in *Williams v. New York,* 337 US 241, 69 S Ct 1079, 93 L Ed 1337 (1949), the Court considered a related issue. A convicted defendant argued that his due process and confrontation rights under the federal constitution were violated because the sentencing judge considered information that was obtained outside the courtroom from persons whom the defendant had not been permitted to confront or cross-examine.

The Court held that the federal constitution does *not* require that information relied on in sentencing must be "restricted to that given in open court by witnesses subject to cross-examination." 337 US at 250. The Court observed that there is a historical basis for different evidentiary rules governing sentencing procedures and trials. Courts in England and this country have long practiced the policy of allowing sentencing judges wide discretion in the sources and types of evidence used to determine the sentence to be imposed. The Court also noted some sound practical reasons for the distinction between sentencing and trial. The sentencing judge is not confined to the narrow issue of guilt, as is the trier of fact. Instead, the task is to select the appropriate sentence after considering

> "the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to trial." 337 US at 247.

Oregon law is similar to that relied on in *Williams v.*

---

[4] The Sixth Amendment provides, in pertinent part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him."

Article I, section 11, of the Oregon Constitution provides, in pertinent part:

"In all criminal prosecutions, the accused shall have the right * * * to meet witnesses face to face."

*New York, supra.* Article I, section 15, of the Oregon Constitution requires that sentencing "be founded on the principles of reformation, and not of vindictive justice," and, to that end, "[t]he sentencing court must be provided with a great variety of information in order that it can perform its most burdensome function." *State v. Scott,* 237 Or 390, 399, 390 P2d 328 (1964). Although it is essential that the material portions of that "great variety of information" be accurate, the Oregon Supreme Court has stated that "the right of confrontation and cross-examination is not vital to the receipt of all information which bears upon the sentencing process." *Buchea v. Sullivan,* 262 Or 222, 235, 497 P2d 1169 (1972). In that vein, *State v. Scott, supra,* held that a sentencing judge may properly consider a list of arrests, as distinguished from convictions, that are included in a presentence report. 237 Or at 399-400. *See also State v. Woolery,* 16 Or App 180, 188, 517 P2d 1212, *rev den* (1974).

Although, as noted, the United States Supreme Court has not decided whether hearsay testimony that implicates a convicted defendant in criminal conduct for which he has never been arrested, charged or tried may be admitted at sentencing in view of the Confrontation Clause, the Ninth Circuit, in *United States v. Weston,* 448 F2d 626 (9th Cir 1971), *cert den* 404 US 1061 (1972), decided an almost identical issue. In that case, the defendant was convicted of receiving, concealing and facilitating the transportation of heroin, in violation of 21 USC § 174. The trial court imposed a harsher sentence on the defendant based on unreliable hearsay information contained in the presentence report that implicated the defendant in serious criminal activity for which she had never been arrested, charged or tried (specifically, that she was chief supplier of heroin to western Washington State). Expressly citing with approval the holding in *Williams v. New York, supra,* the court stated in *Weston:*

"[W]e believe that other criminal conduct may properly be considered [at sentencing] even though the defendant was never charged with it or convicted of it. Its relevance to the problem before the judge, 'what sort of person is this defendant, and what sort of sentence should she receive?' is apparent. But that does not solve our present problem. Here the other criminal conduct charged was very serious, and the factual basis for believing the charge was almost nil. * * *

"* * * * *

"This will not do. It is tantamount to saying that once a defendant has been convicted of offense A, [other persons] can say to the judge, 'We think that she is guilty of much more serious offense B, although all we have to go on is [a hearsay declarant's] report,' and the judge can then say to the defendant, 'You say, it isn't so; prove that to me!' In addition to the difficulty of 'proving a negative,' we think it a great miscarriage of justice to expect [the defendant] or her attorney to assume the burden and expense of proving to the court that she is not the large scale [heroin] dealer that the [hearsay declarant] says that she is.

"[W]e * * * hold[] that a sentence cannot be predicated on information of so little value as that here involved. A rational penal.system must have some concern for the probable accuracy of the informational inputs in the sentencing process." 448 F2d at 634.

The defendant's sentence was vacated, and the case remanded for resentencing.

In this case, the victim testified at sentencing, over defendant's objection, that defendant's daughter had told her that defendant had "done the same things to her that he did to me, only worse." That is hearsay testimony that, as in *Weston,* implicates defendant in serious criminal activity for which he has never been arrested, charged or tried. The state presented no evidence which would indicate that that testimony was supported by a minimum factual basis. The record reveals that the sentencing judge *may* have considered that testimony in sentencing defendant.[5] For those reasons, and for the reasons stated in *Weston,* I would hold that the sentencing court violated defendant's confrontation rights under the Oregon and federal constitutions when it admitted the victim's unreliable

---

[5] At sentencing, the court stated:

"I don't place, for sentencing purposes, undue stock on the allegations of the other victim. My clear preference is that if someone has been damaged, they should have the courage to step forward and say so. I respect greatly the victim here that's done that. but if the other alleged victim has not done that, then I'm not going to consider that with any great credibility at all."

Had the court indicated that it completely disregarded the victim's hearsay testimony here at issue, the error in admitting it would have been harmless. *See Chapman v. California,* 386 US 18, 23-24, 87 S Ct 824, 17 L Ed 2d 705 (1967); *State v. Van Hooser,* 266 Or 19, 25-26, 511 P2d 386 (1973).

hearsay testimony that implicated him in serious criminal conduct for which he had never been arrested, charged or tried. I would therefore vacate the sentence and remand for resentencing. I would not hold, however, that no hearsay testimony may be received in sentencing proceeings.

I specially concur.

Buttler, Warren and Rossman, JJ., join in this special concurrence.