## STATE OF OREGON,
*Respondent,*

*v.*

## HARRY GAYLE SWISHER,
*Appellant.*

(91-04-1386; CA A72581)

840 P2d 1339

Jonel K. Ricker, Enterprise, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant challenges the durational departure sentence imposed after he pled no contest to a charge of assault in the second degree. He first argues that the court erred in considering aggravating factors and imposing a departure without the suggestion of either party. He argues that the court exceeded its authority under ORS 137.080:

"(1)   After a plea or verdict of guilty, or after a verdict against the defendant on a plea of former conviction or acquittal, in a case where discretion is conferred upon the court as to the extent of the punishment to be inflicted, the court, upon the suggestion of either party that there are circumstances which may be properly considered in aggravation or mitigation of the punishment, may, in its discretion, hear the same summarily at a specified time and upon such notice to the adverse party as it may direct.

"(2)   Notwithstanding any other provision of law, the consideration of aggravating and mitigating circumstances as to felonies committed on or after November 1, 1989, including the maximum sentence that may be imposed because of aggravating circumstances, shall be in accordance with rules of the State Sentencing Guidelines Board."

■■ Defendant's reliance is misplaced. ORS 137.080(1), which was enacted before the guidelines took effect, is a procedural statute, authorizing a summary hearing on a party's claim of aggravating or mitigating circumstances. It is not a restriction of the court's inherent sentencing authority. *See Coffman v. Gladden*, 229 Or 99, 366 P2d 171 (1969); *Barber v. Gladden*, 228 Or 140, 363 P2d 771 (1969). ORS 137.080(2) was enacted as part of the guidelines legislation. It requires the court to consider aggravating and mitigating circumstances in accordance with sentencing guidelines rules. Under the rules, a court has discretion to impose a departure sentence. *See* OAR 253-02-001(2); OAR 253-08-001. Nothing in the rules prohibits a court from considering aggravating or mitigating factors or deciding to impose a departure sentence without the motion of a party.

Defendant also assigns as error that the court failed to impose an optional probationary sentence. OAR

253-05-006. Under ORS 138.222(2)(c),[1] we may not review that claim. Defendant also argues that the aggravating factors do not justify the upward departure. The court's findings of fact and reasons support its determination that imposition of the presumptive sentence would not accomplish the purposes of the guidelines. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992).

Affirmed.

---

[1] ORS 138.222 provides, in part:

"(2)  On appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court shall not review:

"* * * * *

"(c)  A sentence of imprisonment when the rules of the State Sentencing Guidelines Board prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure."

Defendant's placement on the grid block had a presumptive prison term of 16-18 months.